Law Offices of Robert W. Snyder
Robert W. Snyder, SBN 75064
15375 Barranca Parkway, Ste. B-105
Irvine, CA 92618
Tel: (949) 453-8688
Fax: (949) 453-8188

Attorney for Defendant

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| UNITED STATES OF AMERICA ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> $864,400.00 IN US CURRENCY, and ) <br> $7,000.00 in U.S. CURRENCY ) <br> ) <br> ) <br> Defendants ) <br>_____) <br> STEVEN TAN ) <br> ) <br> Claimant/Owner ) <br> ) <br> vs. ) <br> ) <br> United States of America ) <br> ) <br> Plaintiff-Respondent ) <br>_____) | Case No. 1:05CV00919 <br><br> CLAIMANT'S REPLY TO GOVERNMENT'S RESPONSE TO CLAIMANT'S MOTION TO DISMISS FOR LACK OF PROBABLE CAUSE AND FAILURE TO STATE SUFFICIENT FACTS TO SUPPORT A FORFEITURE ACTION |

NOW COMES the claimant, Steven Tan, by and through his counsel of record, Robert W. Snyder, and replies to Plaintiff United States of America's Response ("government's response") to Claimant's Motion to Dismiss Complaint for Lack of Probable Cause and for Failure to State Sufficient Facts to Support a Forfeiture Action.

///

///

**ORIGINAL**

1

CLAIMANT'S REPLY TO GOVERNMENT'S RESPONSE TO CLAIMANT'S MOTION TO DISMISS FOR LACK OF PROBABLE CAUSE AND FAILURE TO STATE SUFFICIENT FACTS TO SUPPORT A FORFEITURE ACTION

Case 1:05-cv-00919-NCT -WWD   Document 13   Filed 01/31/06   Page 1 of 5

# THE GOVERNMENT FAILED TO ESTABLISH PROBABLE CAUSE TO SEIZE THE DEFENDANT MONEY

While the government's response argues in the length as to how the government does not need to have many details to support its civil forfeiture complaint, they continue to overlook the fact that there was NO probable cause nor could they establish probable cause to support the seizure of the defendant money

In a civil forfeiture action under Title 21 USC Section 881(a)(6), the government is required to initially establish probable cause that the claimant's money was connected to drug or the alleged illegal activity. **21 USC Section 881(d); 19 USC Section 1651**; *U.S. $5,644,5400.00 in U.S. Currency*, 799 F. 2d 1357, 1362 (9th Cir. 1986). Probable cause is not only required to support a forfeiture action, but there must also be probable cause *at the time of the seizure* of the defendant money. **The government cannot seize now, and gather probable cause later**. *Marine Midland Bank v. U.S.* 1993 U.S. Dist. Lexis 6200 (S.D.N.Y., 1993).

In order to establish probable cause, the government must demonstrate by some credible evidence the *probability* that the money was *in fact* connected to drugs. *U.S. v. Dickerson*, 873 F.2d 1181, 1184 (9th Cir. 1988).

Here, again, the government fails to establish the probability that the defendant money was **in fact** "furnished or intended to be furnished in exchange for a controlled substance. ." Where are the **facts** (as opposed to mere opinions) to establish such a probability? There are none except for the only positive alert by narcotics detection dogs, which, if stands alone, has been held to lack any probative value. *U.S. v. $215,300* U.S. Currency, 882 F 2d at 419.

The government argued that the defendant money was concealed in a unusual place and asked the court to consider that, i.e., the unusual place, as a fact to support their argument that there was probable cause. This is quite a desperate stretch. Of course the money had to be concealed in an unusual place, especially when there is a lot of money at stake. Any sane person who is in possession of such a large sum of money would of course hide the money so carefully and in such an unusual

2

CLAIMANT'S REPLY TO GOVERNMENT'S RESPONSE TO CLAIMANT'S MOTION TO DISMISS FOR LACK OF PROBABLE CAUSE AND FAILURE TO STATE SUFFICIENT FACTS TO SUPPORT A FORFEITURE ACTION

Case 1:05-cv-00919-NCT -WWD   Document 13   Filed 01/31/06   Page 2 of 5

place in order to minimize the risk of being robbed. That was something that anyone in the same position as claimant would have done and that, alone, cannot establish the existence of probable cause to legitimatize a seizure of almost a million dollars.

Furthermore, a careful review of the facts and the chronology of events that took place the day the defendant monies were seized and claimant was briefly detained, would reveal that the government had no probable cause to seize the defendant monies and there was no probable cause at the time of seizure. The government alleges in very general language that it was in Special Agent Joseph Barringer's *opinion* that the subject currency "were furnished or intended to be furnished in exchange for a controlled substance or represent proceeds traceable to such an exchange and are therefore forfeitable pursuant to 21 U.S.C. §881(a)(6)." (Decl. Of Barringer, Pg. 6, Concl.) Yet, absolutely no concrete facts of any kind were provided in either the body of the complaint or in the supporting Affidavit of Mr. Joseph Barringer to substantiate Mr. Barringer's "opinion".

Mr. Barringer stated in his Affidavit that after the defendant monies had been seized and Claimant had been taken to the local police station, he caused a search of the ICE databases and reported that Claimant has prior arrests for Alien Smuggling and for Attempted Alien Smuggling. (Decl. Of Barringer, p.5, ¶9). This is completely untrue. Claimant has never been "arrested" for any crime whatsoever. He was stopped, questioned, but ultimately released (See attached "Affidavit of Steven Tan"). What Mr. Barringer did here is a classic example of what the court in *Marine Midland Bank v. U.S.* (1993) held to be improper- "seize now and gather probable cause later". *Marine Midland Bank v. U.S.* 1993 U.S. Dist Lexis 6200 (S.D.N.Y., 1993). The seizure of the defendant monies and the interrogation of Claimant that violates Claimant's fundamental constitutional rights for counsel and interpreter, were nothing more but an ad hoc attempt to "gather probable cause later" to support an otherwise wrongful and illegal seizure of property. In summary, the seizure of the defendant monies that occurred on June 21, 2005 was unlawful and was violative of the U.S. Constitution.

///

3

CLAIMANT'S REPLY TO GOVERNMENT'S RESPONSE TO CLAIMANT'S MOTION TO DISMISS FOR LACK OF PROBABLE CAUSE AND FAILURE TO STATE SUFFICIENT FACTS TO SUPPORT A FORFEITURE ACTION

### III. CONCLUSION

Based on the foregoing, Claimant respectfully request that the Court:

(1) Dismiss the Verified Complaint for Forfeiture with prejudice

(2) Order the Plaintiff U.S. and its agents to return to the Money ($864,400 and $7,000) to Claimant, plus interest

(3) Order the Plaintiff to reimburse Claimant for costs and reasonable attorney's fees, and

(4) Any other relief as the Court may deem just and proper.

Dated: January 2?, 2006

RESPECTFULLY SUBMITTED,

_____
Robert W. Snyder
Admitted by Pro Hac Vice
Attorney for Claimant
Steven Tan

4

CLAIMANT'S REPLY TO GOVERNMENT'S RESPONSE TO CLAIMANT'S MOTION TO DISMISS FOR LACK OF PROBABLE CAUSE AND FAILURE TO STATE SUFFICIENT FACTS TO SUPPORT A FORFEITURE ACTION

## PROOF OF SERVICE U.S. MAIL

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Irvine, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 15373 Barranca Parkway, Ste. B-105, Irvine, California 92618

On January 23, 2006 I served by regular U.S. Mail the foregoing document described as

## CLAIMANT'S REPLY TO GOVERNMENT'S RESPOSNE TO CLAIMANT'S MOTION TO DISMISS COMPLAINT FOR FORFEITURE

on the interested parties in this action:

___ by placing a true copy thereof in sealed envelopes addressed as stated on the attached mailing list:

_X_ by placing ___ the original _X_ a true copy thereof enclosed in sealed envelopes addresses as follows:

> United States Attorney's Office
> P.O. Box 1858
> Greensboro, NC 27402

Executed on January 23, 2006 at Irvine, California.

_X_ (STATE) I declare under penalty of perjury that the above is true and correct.

___ (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____
Novian Chang