**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 09-1935

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

STEVEN TAN,

        Claimant – Appellant,

    and

XINGYUN CHIANG,

        Claimant,

    v.

CURRENCY, U.S., $864,400.00; CURRENCY, U.S., $7000.00,

        Defendants.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  N. Carlton Tilley, Jr., Senior District Judge. (1:05-cv-00919-NCT-WWD)

Submitted: November 15, 2010            Decided: December 16, 2010

Before NIEMEYER, AGEE, and DAVIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Gary S. Harrison, HARRISON & RODRIGUEZ, A.P.L.C., San Gabriel, California, for Appellant.  Anna Mills Wagoner, United States

Attorney, Lynne P. Klauer, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Steven Tan appeals the district court's grant of summary judgment in favor of the Government in a forfeiture proceeding, and judgment of forfeiture of $864,400.00 and $7,000.00 in U.S. currency. Finding no error, we affirm.

We review de novo a district court's order granting summary judgment. <u>Providence Square Assocs., L.L.C. v. G.D.F., Inc.</u>, 211 F.3d 846, 850 (4th Cir. 2000). Summary judgment should be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment" is proper. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 249-50 (1986) (citations omitted).

Civil forfeiture standards are set forth in the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), 18 U.S.C. § 983(c)(1) (2006). The statute provides that the Government must demonstrate by a preponderance of the evidence that the property sought is subject to forfeiture. <u>Id.</u> Currency is subject to forfeiture if it was furnished or intended to be

furnished by any person in exchange for controlled substances, if it is traceable to such an exchange, or if it was used to, or intended to be used to, facilitate any violation of the Controlled Substances Act. 21 U.S.C. § 881(a)(6) (2006). Once the government meets its burden, the burden shifts to the claimant to show, by a preponderance of the evidence, that he is an "innocent owner" of the defendant property. 18 U.S.C. § 983(c), (d)(1).

In a forfeiture proceeding, we review the district court's factual findings for clear error and apply a de novo standard of review to the consideration of whether or not the facts render the defendant property subject to forfeiture. United States v. $84,615 in U.S. Currency, 379 F.3d 496, 501 (8th Cir. 2004). This standard is met if the evidence shows the existence of a fact is more probable than its non-existence. Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Trust for S. Cal., 508 U.S. 602, 622 (1993). Further, this court looks to the totality of the circumstances to determine whether the Government has met its burden. United States v. Thomas, 913 F.2d 1111, 1115 (4th Cir. 1990).

Here, the Government seized the currency from Tan at a traffic stop. We have reviewed the record, and we conclude that the Government presented sufficient evidence to carry its burden and show that the currency was more likely than not proceeds

from a drug transaction. Specifically, the Government showed that the defendant currency was bundled in newspaper and concealed in the door of Tan's rental vehicle. Two separate narcotics detection canines alerted to the presence of narcotic odor in areas of the car that did not contain currency, and when questioned by law enforcement Tan was nervous, attempted to conceal the presence of the currency, and gave inconsistent statements.

With respect to the $7,000 Tan possessed on his person, we agree with the district court that because the money was similarly bundled, and because Tan also possessed $1,000 in non-bundled currency (that was returned to him), that currency is similarly likely related to a drug transaction.

Tan argues that he has rebutted the Government's claims and presented sufficient evidence of his innocent intentions to create a dispute over a material fact and defeat summary judgment. We do not agree. After reviewing Tan's claims, we conclude (as did the district court) that they are incredible, and lack any basis in evidence, other than Tan's own self-serving declarations. In short, his claims do not give rise to a dispute over a material fact. See United States v. Two Parcels of Real Property Located in Russell County, 92 F.3d 1123, 1129 (11th Cir. 1996) ("[t]he mere allegation of a highly unlikely source of income without some support to give the

allegation credibility cannot constitute an issue of material fact defeating summary judgment for forfeiture.").

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>